UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL EMILIO ARCILA PEREZ,

    Petitioner,

v.                              Case No.:  2:26-cv-00107-SPC-NPM

KRISTI NOEM *et al.*,

    Respondents,
_____/

**OPINION AND ORDER**

    Before the Court is Petitioner Rafael Emilio Arcila Perez's Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 6).  Arcila Perez is a Venezuelan national who entered the United States lawfully on a B-2 visa on September 23, 2002.  He applied for asylum with his wife and children, but the application was denied, and an immigration judge ordered his removal.  The removal order became final on May 13, 2013.  Three months later, Immigration and Customs Enforcement ("ICE") released Arcila Perez under an order of supervision.

    On March 9, 2021, the Department of Homeland Security ("DHS") designated Venezuela for temporary protected status ("TPS").  *See Designation of Venezuela for Temporary Protected Status*, 68 FR 13574-01, at *13576 (Mar. 9, 2021).  Arcila Perez applied for and received TPS.  Venezuela's TPS

designation was set to expire on September 10, 2025. But on September 8, 2025, DHS extended the designation 60 days and announced its termination, effective November 7, 2025. 90 FR 43225-02 (Sept. 8, 2025).

DHS designated Venezuela for TPS again on October 3, 2023, to allow another round of emigres to apply for protection. On January 17, 2025, DHS extended the 2023 designation through October 2, 2026, and consolidated the 2021 and 2023 designations, meaning 2021 TPS holders could maintain their status through October 2, 2026. DHS terminated the 2023 designation on April 7, 2025. *Termination of the October 3, 2023 Designation of Venezuela for Temporary Protected Status*, 90 FR 9040-01 (Feb. 5, 2025). That termination was set aside in *Nat. TPS Alliance v. Noem*, 798 F. Supp. 3d 1108 (N.D. Cal. 2025), because the court found it violated the Administrative Procedures Act.

Arcila Perez applied for TPS under the 2021 designation, and he received in in 2022. Since then, he has consistently renewed his TPS registration.

On January 11, 2026, Arcila Perez appeared at ICE's Miramar office for a check-in required by the order of supervision. ICE arrested Arcila Perez and detained him at Alligator Alcatraz. Arcila Perez filed a petition for a writ of habeas corpus ten days later. He argued, among other things, that his removal was not reasonably foreseeable because he had TPS—and thus protection from removal—through October 2, 2026. But on January 25, 2026, Arcila Perez's counsel filed an emergency motion for preliminary injunctive relief. It states

that Arcila Perez has been transferred to Adams County Correctional Center in Mississippi and might be deported imminently. In response, the United States Attorney's Office filed a notice that removal appears imminent, but that the office has no specific information on Arcila Perez's current location or any planned date or time for removal. (Doc. 9).

A party seeking preliminary injunctive relief must demonstrate (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When the government is a party, the balance of equities and public interest factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

**A. Likelihood of success on the merit**

Noncitizens present in the United States are entitled to due process under the Fifth Amendment. *Reno v. Flores*, 507 U.S. 292, 306 (1993). That includes protection against deprivations of liberty—like immigration detention—without due process of law. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the libery that Clause protects.").

TPS entitles citizens of the designated countries to live and work in the United States, and it protects them from removal for as long as the TPS lasts.

*Sanchez v. Mayorkas*, 593 U.S. 409, 412 (2021). The Attorney General has the authority to arrest and detain aliens with pending removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). But there is no legal justification to detain a noncitizen who is not subject to removal. The law is clear: "An alien provided temporary protected status…shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4).

Arcila Perez's likelihood of success on the merits hinges on whether he currently has temporary protected status. While DHS Secretary Kristi Noem purported to terminate the 2023 TPS designation for Venezuela, that termination has been set aside by declaratory judgment in *Nat. TPS Alliance v. Noem, supra*. That judgment has preclusive effect. *See Haaland v. Brackeen*, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata. Without preclusive effect, a declaratory judgment is little more than an advisory opinion." (internal citations and quotation marks omitted)). Thus, Arcila Perez has TPS through October 2, 2026, and his detention is unlawful.

### B. Likelihood of irreparable harm

To satisfy the second requirement for preliminary injunctive relief, Arcila Perez must show he will otherwise suffer irreparable injury—that is, an

injury that "cannot be undone through monetary remedies." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010). Arcila Perez argues he is likely to suffer irreparable harm from wrongful deportation.

The Supreme Court addressed whether deportation is irreparable harm in *Nken v. Holder*. The Supreme Court granted certiorari in *Nken* to resolve a circuit split on what standard governs a request to stay a removal order pending review by a court of appeals. The *Nken* court held, "Although removal is a serious burden for many aliens, it is not categorically irreparable[.]" *Nken*, 556 U.S. at 435 (2009). The Court explained, "Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal." *Id.* But that is not the case here. There is no pending immigration proceeding that could make Arcila Perez whole if he is wrongfully deported.

Even if he is not deported, Arcila Perez's unlawful detention also constitutes irreparable injury. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (same); *but see Siegel v. LePore*, 234 F.3d 1163, 1177 (11th Cir.

2000) ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

### C. Balance of equities and public interest

The final two factors for preliminary injunctive relief weigh heavily on Arcila Perez's favor. His rights to liberty and due process are at stake. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). On the other hand, there is no apparent legitimate public interests served by Arcila Perez's unlawful detention. In fact, the public is better served by the faithful execution of immigration laws. *See Tesfamichael v. Gonzales*, 411 F.3d 169, 178 (5th Cir. 2005) (recognizing "the public interest in having the immigration laws applied correctly and evenhandedly"); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (finding the government "cannot suffer harm from an injunction that merely ends an unlawful practice or reads a statute as required to avoid constitutional concerns.").

### D. Conclusion

In sum, the Court finds that Arcila Perez's ongoing immigration detention is unjustified and unlawful, will cause irreparable harm if allowed to continue, and does not serve the public interest.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Rafael Emilio Arcila Perez's Emergency Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 6) is **GRANTED**.

2. The respondents shall release Arcila Perez from custody within 12 hours of this Order. The respondents shall facilitate Arcila Perez's transportation from the detention facility by notifying his counsel when and where he can be collected.

**DONE AND ORDERED** in Fort Myers, Florida on January 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1