UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL EMILIO ARCILA PEREZ,

      Petitioner,

    v.                            Case No.:  2:26-cv-00107-SPC-NPM

KRISTI NOEM *et al.*,

      Respondents,

                             /

## OPINION AND ORDER

Before the Court is Petitioner Rafael Emilio Arcila Perez's Petition for Writ of Habeas Corpus (Doc. 1).  A few days after filing his petition, Arcila Perez filed an emergency motion for a temporary restraining order (Doc. 6).  The parties agreed that Arcila Perez's removal from the country appeared imminent, so the Court expedited consideration of the motion.  The Court granted it and ordered the respondents to release Arcila Perez from custody. (*See* Doc. 10).  Critically, the Court found that Arcila Perez's detention was likely unlawful because he had temporary protected status ("TPS").

The government has now responded to the petition.  (*See* Doc. 11).  They express an intention to continue removal efforts unless the Court declares that Arcila Perez has TPS and enjoins them from removing him.  The response also provides additional facts and context relevant to the TPS question.  The Court

accepts those facts as true because evidence in the record does not dispute them, and Arcila Perez did not file a reply. *See* 28 U.S.C. § 2248.

One factual circumstance clarified by the government's response is particularly important—the status of Arcila Perez's 2025 re-registration for TPS. As the Court explained in its prior order, Arcila Perez applied for and received TPS under the 2021 Venezuela designation. The government later consolidated the 2021 designation with a 2023 designation and extended the 2023 designation through October 2, 2026. That gave Arcila Perez an opportunity to seek the benefit of the extension, which he did by filing an application to re-register in May 2025. But according to the government's unrefuted response, U.S. Citizenship and Immigration Services did not grant that application. As a result, Arcila Perez did not gain the benefit of the TPS extension, and his protected status ended November 7, 2025, at the latest. *See Extension of the 2023 Designation of Venezuela for Temporary Protected Status*, 90 FR 5961-01, at 5963, 2025 WL 224823 (Jan. 17, 2025).

For these reasons, the Court will not declare that Arcila Perez has TPS or enjoin the respondents from removing him.[1] Arcila Perez's other challenges to his prior detention are moot, and his petition is **DENIED**. He may challenge the legality of any future detention by filing a new habeas petition. The Clerk

---

[1] Arcila Perez does not ask the Court to enjoin removal. Even if he did, the Immigration and Nationality Act's jurisdiction-stripping provisions likely bar the Court from doing so.

is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on February 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1